## BAUER BROS. CO. v. BOGALUSA PAPER CO.

### No. 8454.

Circuit Court of Appeals, Fifth Circuit.

July 7, 1938.

For former opinion, see 96 F.2d 991.

Marston Allen, of Cincinnati, Ohio, for appellant.

Greer Marechal, of Dayton, Ohio, J. B. Hayward, of New York City, and Nicholas Callan, of New Orleans, La., for appellee.

Before SIBLEY and HOLMES, Circuit Judges, and MIZE, District Judge.

HOLMES, Circuit Judge.

The plausibility of the argument for a rehearing requires especial consideration by this court. Appellant takes exception to our statement that the relative lengths of the radii of the disks of the attrition mill used in the process described in the patent, and of the particles of pulp material, render unimportant the twisting action relied upon for separation of fibers.

Treating the speed of the disks as a constant of 1200 revolutions per minute, and assuming a radius of 18 inches for the circle to be described on the face of the disk by the inner end of a particle with an assumed length of .125 inches, and an assumed diameter of .003 inches, a computation is made by counsel for appellant on the basis of which it is stated that the ratio of the number of revolutions made by the inner end of the particle to those of the outer end is 1 to 94,200. However, in reaching this conclusion, the equations are first stated abstractly, the equation for the inner circle is then subtracted from that for the outer circle, the remaining equation is solved, and the assumed quantities are substituted. Under such a computation, the quantity 94,200 is not the ratio of the two circles nor of the distance traveled, but is the difference between the number of revolutions against the face of the disk by the outer end of the particle and the number performed by the inner end, assuming that they retained their relative positions and performed a perfect rolling action for a period of one minute. Substituting the assumed quantities in standard equations for such calculations, it appears that the number of revolutions performed by the inner end of the particle under such circumstances is 13,554,800, while the number for the outer end is 13,649,000. Here, we have a difference of 94,200, but the ratio is approximately 135 to 136.

Appellant's calculation of the difference might be impressive if the time factor assumed were permissible; but it is as hard to assume that so small a particle will remain adjacent to the outer rim of a three-foot disk, revolving as fast as the

ordinary electric fan, for a period of one minute as it would be to accept the statement that, in rolling around the surfaces, the outer end of the particle revolves 94,-200 times while the inner end revolves only once. The effect of the action of the mill is to tear apart the entering particle as soon as it enters the space between the faces of the disks, thereby forming two or more particles. The parts thus formed are in turn acted upon by the disks, and the process continues progressively until what was once a single piece of wood becomes a gelatinous mass of pulp. · The whole operation might easily take place in one revolution requiring 1/1200 minutes; but, if it extends to several revolutions, it must be remembered that the rolling-crushing action of the mill for this period is not applied to the one particle in its original or any intermediate state, but to the many particles of different sizes formed from the original and with dimensions that endure for only a very small fraction of a revolution. Under such circumstances, the twisting action is relatively unimportant. We adhere to our statement that this is true because of the great difference in the length of the radius and the length of the particle. Our original statement is based on the well established proposition that the circumferential ratio of two circles is the same as the ratio of their radii, and that the same rule applies to the corresponding arcs or parts of the circles.

The petition for rehearing is denied.